Mark S. Shipow (SBN 91134)
LAW OFFICES OF MARK S. SHIPOW
6520 Platt Ave. #442
West Hills, CA 91307
Telephone: (818) 710-1906
Facsimile: (818) 348-2297
mshipow@socal.rr.com

Attorneys for Defendant,
Stein Mart, Inc., a Florida Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE KISH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEIN MART, INC., a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5-19-cv-02407- AB (SHKx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) and 12(b)(6)**<br><br>**[Submitted concurrently with Declaration of Mark S. Shipow]**<br><br>Date:  May 15, 2020<br>Time:  10:00 a.m.<br>Ctrm:  7B, First Street Courthouse |

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on May 15, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7B of the above-entitled Court, First Street Courthouse, located at 350 West First Street, Los Angeles, CA 90012, Defendant STEIN MART, INC will and hereby does move the Court, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for an Order dismissing the action on the grounds that Plaintiff lacks Article III standing.  Alternatively, Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiff has not alleged fair notice pursuant to Rule 8 of any architectural barrier that constitutes

grounds of discrimination under the Americans with Disabilities Act.   Finally, Defendant moves the Court for an Order declining to assert supplemental jurisdiction over Plaintiff's cause of action for violation of the Unruh Civil Rights Act.

The Court is requested to take note that the hearing on this Motion is scheduled for May 15, 2020, rather than an earlier date, due to Defendant's counsel's pre-planned trip out of the country from March 12, 2020, through April 18, 2020.   Plaintiff's counsel has indicated he does not object to the hearing being set for a date later than would normally be the case.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 10, 2020.

This motion is based upon this notice and the attached Memorandum of Points and Authorities and accompanying Declaration of Mark S. Shipow and Exhibit "A;" upon all of the pleadings, records and files in this action, and on such other or further oral or documentary evidence as may be presented prior to or at the hearing on the motion.

Dated:  February 19, 2020

Mark S. Shipow (SBN 91134)
LAW OFFICES OF MARK S. SHIPOW

By: _____

Mark S. Shipow
Attorneys for Defendant,
Stein Mart, Inc.

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**UNDER FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

# TABLE OF CONTENTS

I.    Introduction and Summary of the Argument ...............................................1

II.   Plaintiff Lacks Standing to Bring this Complaint........................................2

   A.  Plaintiff fails to allege an injury in fact that is concrete or particularized......3

   B.  Plaintiff fails to adequately allege a threat of future harm............................4

      i.   Plaintiff has not demonstrated a genuine intent to return to the Store. ........4

         1.  Proximity of the Store to Plaintiff's Residence. ...................................4

         2.  Plaintiff's Past Patronage.....................................................................5

         3.  Definitiveness of Plaintiff's Plans to Return to the Store.......................5

         4.  Plaintiff's Frequency of Travel near the Store. ...................................6

      ii.  Plaintiff has not demonstrated that she has been deterred from visiting the Store. .................................................................................................6

III.  Plaintiff Fails to State A Claim pursuant to Rule 12(b)(6).......................7

IV.   The Court should decline to exercise Supplemental Jurisdiction over Plaintiff's cause of action for violation of the Unruh Civil Rights Act. ...................................................................................9

   A.  Plaintiff's Unruh Act claim substantially predominates over her ADA claim. ……………………………………………………………………………..10

   B.  If the ADA claim is dismissed, the Court should not permit the state claim to proceed in federal court.......................................................................12

   C.  Compelling reasons for declining supplemental jurisdiction exist. ..............13

V.    Conclusion ...............................................................................................17

-i-

# TABLE OF AUTHORITIES

**Cases**

Arroyo v. Two Unoil, LLC, No. CV192769PSGJEMX, 2019 WL 6792804 (C.D. Cal. Aug. 7, 2019) .................................................................. 13, 16

Ashcroft v. Iqbal, 556 U.S. 662 (2009). ................................................... 8

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .................................... 8

Castillo-Antonio v. Hernandez, No. 19-CV-00672-JCS, 2019 WL 2716289 (N.D. Cal. June 28, 2019) ........................................................................ 11

Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939 (9th Cir. 2011) .................. 4, 6

City of Chicago v. Int'l College of Surgeons, 522 U.S. 156 (1997) ..................... 10

City of Los Angeles v. Lyons, 461 U.S. 95 (1983) ...................................... 4

Cross v. HFLP - Dolphin Beach, LLC, No. 15CV2506-MMA (DHB), 2016 WL 3166911 (S.D. Cal. June 7, 2016). ................................................. 6, 8

Doran v. 7-Eleven, Inc., 524 F.3d 1034 (9th Cir. 2008) ............................ 3, 7

Estrada v. Gold Key Dev., Inc., No. CV1803859SJOJEMX, 2019 WL 4238891 (C.D. Cal. May 1, 2019) ....................................................... 10, 11, 12

Feezor v. Sears, Roebuck & Co., 608 F. App'x 476 (9th Cir. 2015). .............. 5, 7

Feezor v. Tesstab Operations Grp., Inc., 524 F. Supp. 2d 1222 (S.D. Cal. 2007) .. 12

Johnson v. DTBA, LLC, No. 5:19-CV-00082-EJD, 2019 WL 6311408 (N.D. Cal. Nov. 25, 2019) .................................................................. passim

Johnson v. Overlook at Blue Ravine, LLC, No. 2:10-CV-02387 JAM, 2012 WL 2993890 (E.D. Cal. July 20, 2012) ............................................ passim

Lammey v. Queenbee LLC, No. 219CV02381ODWPLAX, 2019 WL 7050221 (C.D. Cal. Dec. 20, 2019) ....................................................... 9

Lujan v. Defs. of Wildlife, 504 U.S. 555 (1992) ..................................... 3, 5

Molski v. Hitching Post I Rest., Inc., 2005 WL 3952248 (C.D. Cal. May 25, 2005) ........................................................................... 8, 11

Molski v. M.J. Cable, Inc., 481 F.3d 724 (9th Cir. 2007). ........................ 14

-ii-

Munson v. Del Taco, Inc., 208 P.3d 623 Cal. 2009)................................................10

Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011)....................................9

Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F.
    Supp. 2d 1120 (S.D. Cal. 2005) ........................................................................12

Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133 (9th Cir. 2002)...................7

Schutza v. Alessio Leasing, Inc., No. 18CV2154-LAB (AGS), 2019 WL 1546950
    (S.D. Cal. Apr. 8, 2019) ......................................................................................16

Schutza v. Cuddleback, 262 F. Supp. 3d 1025 (S.D. Cal. 2017) .............................12

Schutza v. Walter E. Fielder, Inc., No. 18-CV-0257-BAS-JMA, 2018 WL 8949784
    (S.D. Cal. Oct. 18, 2018)..................................................................12, 13, 14, 16

Strojnik v. Four Sisters Inns, Inc., No. 219CV02991ODWJEMX, 2019 WL
    6700939 (C.D. Cal. Dec. 9, 2019) ...........................................................4, 7, 12

United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966). .........................10, 11

Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998 (C.D. Cal. 2014) ..............................8

Vogel v. Winchell's Donut Houses Operating Co., LP, 252 F. Supp. 3d 977 (C.D.
    Cal. 2017) ...........................................................................................................12

Warth v. Seldin, 422 U.S. 490 (1975) .......................................................................3

Whitaker v. Mac, 411 F. Supp. 3d 1108 (C.D. Cal. 2019)...............................13, 16

Whitaker v. Reeder, No. 219CV04341SVWAFM, 2019 WL 6331386 (C.D. Cal. July
    12, 2019)................................................................................................................3

**Statutes**

28 U.S.C. § 1367.................................................................................................10, 12

42 U.S.C. § 12205.....................................................................................................11

42 U.S.C. §12188.......................................................................................................11

Cal. Civ. Code § 425.50. ....................................................................................13, 14

Cal. Civ. Code § 425.55. ....................................................................................14, 16

Cal. Civ. Code § 51...............................................................................................10, 11

Cal. Civ. Code § 52...................................................................................................11

-iii-

Cal. Civ. Code § 55.52. ......................................................................... 13

Cal. Civ. Code § 55.56. ......................................................................... 11

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
UNDER FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction and Summary of the Argument

Plaintiff filed the instant action on December 16, 2019, alleging that Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA"), and the Unruh Civil Rights Act (the "Unruh Act"). The allegations with respect to both claims are identical.  Specifically, Plaintiff alleges that Defendant failed to provide accessible paths of travel inside Defendant's store, located at 10930 Foothill Blvd., Rancho Cucamonga, California 91730 (the "Store"), which caused Plaintiff difficulty and discomfort.  (Doc. 1).

Plaintiff failed to establish that she possesses Article III standing to bring the instant lawsuit because she has not demonstrated that her alleged injury is concrete and particularized.  Plaintiff failed to allege with any particularity what the alleged barrier was or how it relates to her disability.  Furthermore, Plaintiff has failed to demonstrate a sufficient likelihood of the threat of future harm.  Plaintiff alleges nothing to suggest that she has a genuine intent to return to the Store.  She merely asserts a boilerplate allegation that she has been deterred from returning to the Store as a result of Defendant's alleged ADA violations.  This exact boilerplate allegation has been rejected as insufficient to establish standing.  Accordingly, the Complaint must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

Finally, Defendant respectfully requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  The Unruh Act claim substantially predominates over the ADA claim.  Although the allegations underlying both the ADA and Unruh Act claims are identical, the relief available to Plaintiff is substantially different.  Only the Unruh Act claim affords Plaintiff the ability to recover significant, minimum statutory damages of $4,000.00 per violation.  Plaintiff intends to amend her complaint to include additional violations after a site inspection is conducted.  (Doc. 1, ¶ 18).  This Court found, in a similar

1    construction-related disability action, that the exact same allegation being asserted

2    by Plaintiff in this case suggested that the Unruh Act claim predominated over the

3    ADA claim, and declined to exercise supplemental jurisdiction.  Accordingly, this

4    Court should decline to exercise supplemental jurisdiction in this case as well.

5          Furthermore, compelling reasons exist to decline supplemental jurisdiction

6    over Plaintiff's Unruh Act claim.    Plaintiff (and Plaintiff's firm) are high-

7    frequency litigants, as that term is defined in the Unruh Act.  Even though Plaintiff

8    could be afforded complete relief on her claims in state court, she chose to file in

9    federal court in order to avoid the heightened pleading standards that the California

10   legislature specifically implemented for high-frequency disability discrimination

11   litigants in an effort to curb baseless claims and vexatious litigation.  Plaintiff is

12   engaged in blatant forum-shopping, with the result that she has entirely

13   circumvented the state of California's heightened pleading standards.  Notably,

14   Plaintiff is not alone.  Since 2013 – the first full year in which the California

15   legislature's more restrictive pleading standards were in effect – the Central

16   District of California has experienced an explosion of construction-related

17   disability lawsuits.  The number of construction-related disability lawsuits filed in

18   federal court has disproportionately increased every year, as the California

19   legislature continues its attempts to curb the actions of high-frequency litigants.

20   There is a clear correlation that cannot be ignored.  In the interests of comity, this

21   Court should decline to exercise supplemental jurisdiction so that the federal forum

22   is not utilized as a convenient end-runaround by creative litigants.

23   **II.   Plaintiff Lacks Standing to Bring this Complaint**

24         Plaintiff has failed to adequately allege that she possesses Article III

25   standing to bring this Complaint, and therefore it must be dismissed.  In order to

26   demonstrate that she has standing, Plaintiff must allege that she has suffered an

27   injury in fact that is: (1) concrete and particularized; and (2) actual or imminent.

28   Furthermore, "there must be a causal connection between the injury and the

-2-

conduct complained of … [and] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1040 (9th Cir. 2008) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  In this case, Plaintiff fails to allege an injury in fact on all factors.

**A. Plaintiff fails to allege an injury in fact that is concrete or particularized.**

Even at the pleading stage, injury in fact requires that a plaintiff must allege something more the existence of a barrier; instead, the Plaintiff must allege what the barrier was and how her disability was affected by the barrier.  See Warth v. Seldin, 422 U.S. 490, 517-18 (1975) ("It is the responsibility of the complainant to allege facts demonstrating that he is the proper party to invoke judicial resolution of the dispute and the exercise of the remedial powers."); see also Whitaker v. Reeder, No. 219CV04341SVWAFM, 2019 WL 6331386, at *2 (C.D. Cal. July 12, 2019) (granting motion to dismiss when Plaintiff failed to adequately allege what the barrier was and how he was affected by the barrier).

Here, Plaintiff's Complaint is completely devoid of any factual allegations that connect the alleged barrier to a harm suffered by Plaintiff.  Although Plaintiff alleges that she is physically disabled and encountered an architectural barrier that denied her full and equal access to the Store, Plaintiff has not alleged what barrier she encountered at the Store and how that alleged barrier relates to her disability.  (Doc. 1, ¶¶ 1, 14, 13).  Plaintiff merely alleges that Defendant "failed to provide accessible paths of travel inside the Store." (Doc. 1, ¶¶ 10-11).  This is not enough.

There is no indication as to what paths of travel were allegedly inaccessible, how those paths of travel were inaccessible, or to what portion of the Store Plaintiff was allegedly denied access.  Nor is there any connection between the alleged violation and Plaintiff's disability to show how Plaintiff was denied the "full and equal access" that a person who is not wheelchair bound would enjoy when shopping at the Store.  Plaintiff's allegations are facially deficient, and the Complaint must be

-3-

1 dismissed.

2 **B. Plaintiff fails to adequately allege a threat of future harm.**

3 "Although encounters with the noncompliant barriers related to one's

4 disability are sufficient to demonstrate an injury-in-fact for standing purposes, a

5 plaintiff seeking injunctive relief must additionally demonstrate "a sufficient

6 likelihood that he will again be wronged in a similar way." Chapman v. Pier 1

7 Imports (U.S.) Inc., 631 F.3d 939, 948 (9th Cir. 2011) (quoting City of Los

8 Angeles v. Lyons, 461 U.S. 95, 111 (1983)).  This element can be satisfied if the

9 plaintiff alleges either that she intends to return to the noncompliant

10 accommodation in question or that she has been deterred from returning as a result

11 of the alleged violation.  Id. at 950.  In this case, Plaintiff has demonstrated neither.

12 **i. Plaintiff has not demonstrated a genuine intent to return to the**

13 **Store.**

14 "To determine whether a plaintiff's likelihood of returning to a place of

15 public accommodation is sufficient to confer standing, courts examine factors such

16 as (1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's

17 past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to

18 return, and (4) the plaintiff's frequency of travel near defendant." Johnson v.

19 DTBA, LLC, No. 5:19-CV-00082-EJD, 2019 WL 6311408, at *3 (N.D. Cal. Nov.

20 25, 2019) (internal citation and quotation omitted); see also Johnson v. Overlook at

21 Blue Ravine, LLC, No. 2:10-CV-02387 JAM, 2012 WL 2993890, at *3 (E.D. Cal.

22 July 20, 2012).  Here, Plaintiff has failed to meet any of these factors.

23 **1. Proximity of the Store to Plaintiff's Residence**

24 This factor considers the geographical proximity of the subject business to

25 the plaintiff's residence as an indication of the sincerity of the plaintiff's intent to

26 return to the business. See Strojnik v. Four Sisters Inns, Inc., No.

27 219CV02991ODWJEMX, 2019 WL 6700939, at *4 (C.D. Cal. Dec. 9, 2019).

28 Here, Plaintiff merely states that she is a resident of California.  (Doc. 1, ¶ 1).

-4-

California is the second largest state in the United States.  Plaintiff could live five (5) miles from the Store or five hundred (500).  Plaintiff does not allege that she resides in proximity to the store, nor can the Court infer it.  Accordingly, this factor weighs in Defendant's favor.  See DTBA, LLC, 2019 WL 6311408, at *3.

### 2. Plaintiff's Past Patronage

This factor looks to Plaintiff's history of visits to the subject business. Plaintiff's Complaint is devoid of allegations related to her past patronage of Defendant's Store.  Plaintiff alleges only that she "went to the Store in September 2019 with the intention to avail herself of its goods, motivated in part to determine if the defendants comply with the disability access laws." (Doc. 1, ¶ 8).  Plaintiff does not allege that she ever visited the Store before the visit that gave rise to the instant lawsuit.  (See generally Doc. 1).  A lack of patronage before the visit giving rise to the lawsuit "strongly favors" Defendant.  Blue Ravine, LLC, 2012 WL 2993890, at *3.  Moreover, when a Plaintiff fails to plead allegations related to past patronage, the Court cannot infer that such visits occurred or that Plaintiff intends to return to the subject business.  See DTBA, LLC, 2019 WL 6311408, at *3. Thus, this factor also weighs in Defendant's favor.

### 3. Definitiveness of Plaintiff's Plans to Return to the Store

Plaintiff has failed to adequately allege definitive plans to return to the Store. Plaintiff merely states that she "will return to the Store to avail himself [sic] of its goods and to determine compliance with the disability access laws."  (Doc. 1, ¶ 17).  This exact allegation has been rejected as insufficient to establish a definitive intent to return.  See Johnson v. DTBA, LLC, No. 5:19-CV-00082-EJD, 2019 WL 6311408, at *3 (N.D. Cal. Nov. 25, 2019).   An intent to return to the Store "someday" does not demonstrate concrete plans to return and is insufficient to establish Article III standing.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992); see also Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015).  Accordingly, this factor weighs in Defendant's favor.

-5-

### 4.  Plaintiff's Frequency of Travel near the Store

When considering this factor, a court looks to the plaintiff's assertion of frequent travel near the subject business, such that the plaintiff would be more likely to frequent the defendant's business.  Here, Plaintiff has failed to allege any facts that she frequents the area surrounding the Store, the city of Rancho Cucamonga, San Bernandino County generally, or any other assertion that would cause this factor to tilt in Plaintiff's favor.  (See generally Doc. 1).  Thus, this factor also strongly favors Defendant.  Blue Ravine, LLC, 2012 WL 2993890, at *3; DTBA, LLC, 2019 WL 6311408, at *3.

In sum, Plaintiff failed to allege any facts that would tend to support *any* of the factors considered when determining whether a plaintiff is likely to return to the subject business.  The sole allegation that Plaintiff did assert regarding her plans to return to the Store has been soundly rejected by other courts as facially deficient to establish Article III standing.  Accordingly, Plaintiff has failed to demonstrate a definite intent to return to the Store, and she failed to establish standing on this basis.

### ii. Plaintiff has not demonstrated that she has been deterred from visiting the Store.

Plaintiff may also attempt to establish Article III standing by demonstrating both an injury-in-fact and that she has been deterred from returning to the store as a result of the alleged ADA violation.  Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950 (9th Cir. 2011).  Adequately pleading deterrence requires more than an empty allegation that the plaintiff "was deterred."  Rather, plaintiff must plead facts that provide "a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff[.]"  Id.  In other words, the Plaintiff must allege specific facts regarding her relationship with the Store.  Cross v. HFLP - Dolphin Beach, LLC, No. 15CV2506-MMA (DHB), 2016 WL 3166911, at *4 (S.D. Cal. June 7, 2016).

-6-

Doran v. 7-Eleven, Inc. and Pickern v. Holiday Quality Foods, Inc., two of the leading Ninth Circuit cases on point, demonstrate the type of facts that are sufficient for a plaintiff to establish deterrence.  In Doran, the plaintiff alleged that he had visited defendant's convenience store on multiple prior occasions, that the convenience store was located next to his favorite fast food restaurant in Anaheim, and that he planned to visit Anaheim at least once every year on his annual Disneyland trip.  524 F.3d 1034, 1040 (9th Cir. 2008).  In Pickern, the plaintiff alleged that the defendant's grocery store was near his grandmother's residence and that he wished to shop at the store on days he visited her.  293 F.3d 1133, 1135 (9th Cir. 2002).

Plaintiff falls far short of pleading the type of facts that are needed in order to demonstrate deterrence.  Plaintiff states: "Plaintiff is currently deterred from [returning to the Store] because of his [sic] uncertainty about the existence of yet other barriers on the site."  (Doc. 1, ¶ 17).  This is nothing more than a bare conclusory allegation and is insufficient to demonstrate that Plaintiff is actually faced with a sufficiently imminent threat of future injury.  Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015); see also Johnson v. DTBA, LLC, No. 5:19-CV-00082-EJD, 2019 WL 6311408, at *5 (N.D. Cal. Nov. 25, 2019); Strojnik v. Four Sisters Inns, Inc., No. 219CV02991ODWJEMX, 2019 WL 6700939, at *5 (C.D. Cal. Dec. 9, 2019); Johnson v. Overlook at Blue Ravine, LLC, No. 2:10-CV-02387 JAM, 2012 WL 2993890, at *4 (E.D. Cal. July 20, 2012).  There are no allegations of a specific desire to return to this Store, a history of visiting this Store or the surrounding area, or any other allegations that would tend to demonstrate that it is sufficiently likely Plaintiff would return to this Store but-for the alleged ADA violation.  Accordingly, Plaintiff lacks standing to bring this Complaint, and it must be dismissed.

**III.  Plaintiff Fails to State A Claim pursuant to Rule 12(b)(6).**

Even if the Court finds that Plaintiff has adequately demonstrated that she

-7-

1   has standing to bring this lawsuit, she has failed to state a claim upon which relief

2   can be granted.

3   Under Rule 12(b)(6), Federal Rules of Civil Procedure, a court may dismiss

4   a complaint for "failure to state a claim upon which relief can be granted,"

5   including if the plaintiff fails to plead "enough facts to state a claim to relief that is

6   plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007);

7   Ashcroft v. Iqbal, 556 U.S. 662, 682-87 (2009).   This requires more than "a

8   formulaic recitation of the elements of a cause of action, or naked assertions

9   devoid of further factual enhancement."   Cross v. HFLP - Dolphin Beach, LLC,

10  No. 15CV2506-MMA (DHB), 2016 WL 3166911, at *2 (S.D. Cal. June 7, 2016)

11  (citing Iqbal, 556 U.S. at 678).   Rather, the allegations must be sufficient to

12  provide the defendant with fair notice and to enable the defendant to defend itself

13  effectively. Id.

14  In order to state a claim for Title III discrimination under the ADA,[1] the

15  plaintiff must establish that "(1) she is disabled within the meaning of the ADA;

16  (2) the defendant is a private entity that owns, leases, or operates a place of public

17  accommodation; and (3) the plaintiff was denied public accommodations by the

18  defendant because of her disability."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730

19  (9th Cir. 2007).   When the discrimination claim is based upon architectural

20  barriers, the plaintiff must also prove the following: "(1) the existing facility at the

21  defendant's place of business [or property] presents an architectural barrier

22  prohibited under the ADA and (2) the removal of the barrier is readily achievable."

23  Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (internal

24  quotations omitted).

25  "To give fair notice of an architectural barrier claim under Rule 8, a plaintiff

26  must identify the barriers that constitute the grounds for a claim of discrimination

27

28

---

[1] Count I (violation of the ADA) and Count II (violation of the Unruh Act) are premised upon identical factual allegations, and a violation of the ADA constitutes a violation of the Unruh Act.  Cal. Civ. Code. § 51(f).

under the ADA in the complaint itself." <u>Lammey v. Queenbee LLC</u>, No. 219CV02381ODWPLAX, 2019 WL 7050221, at *2 (C.D. Cal. Dec. 20, 2019); <u>see also Oliver v. Ralphs Grocery Co.</u>, 654 F.3d 903, 908 (9th Cir. 2011) ("Where the claim is one of discrimination under the ADA due to the presence of architectural barriers at a place of public accommodation, we have held that the relevant 'grounds' are the allegedly non-compliant architectural features at the facility. Thus, in order for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint.") (internal citations omitted).

Here, Defendant cannot even ascertain with any degree of certainty when Plaintiff visited the store, as Plaintiff merely alleges that she visited the Store in September 2019. (Doc. 1, ¶ 2). Plaintiff could have visited the Store more than once, and therefore Defendant cannot determine the particular occasion on which Plaintiff encountered the alleged barrier. Furthermore, Plaintiff fails to provide the section or sections of the American with Disabilities Architectural Guidelines, or the California Building Code, the Plaintiff claims to be in violation. <u>See Ralphs Grocery Co.</u>, 654 F.3d at 908. Nor is there a description of the barrier itself. As noted <u>supra</u>, there is no indication as to what paths of travel were allegedly inaccessible, how those paths of travel were inaccessible, or to what portion of the Store Plaintiff was allegedly denied access. Plaintiff's allegations are "conclusory, vague, and fail to raise the right to relief above the speculative level." <u>Queenbee LLC</u>, 2019 WL 7050221, at *2. Accordingly, Plaintiff has failed to allege the minimum notice requirements imposed by Rule 8, and her complaint is due to be dismissed.

**IV. The Court should decline to exercise Supplemental Jurisdiction over Plaintiff's cause of action for violation of the Unruh Civil Rights Act.**

Plaintiff's Complaint consists of two (2) counts: (1) violation of the ADA; and (2) violation of the Unruh Act. (<u>See generally</u> Doc. 1). This Court possesses original jurisdiction over Plaintiff's ADA claim. The factual allegations with respect to both counts are identical. Thus, this Court also possesses supplemental

-9-

jurisdiction of the Unruh Act claim because it is so related to the ADA claim that it is part of the same case or controversy.  28 U.S.C. § 1367(a).  However, "pendant jurisdiction is a doctrine of discretion, not of plaintiff's right."  <u>Estrada v. Gold Key Dev., Inc.</u>, No. CV1803859SJOJEMX, 2019 WL 4238891, at *4 (C.D. Cal. May 1, 2019) (quoting <u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 172 (1997)).

Section 1367(c) provides:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Further, if retaining jurisdiction does not promote judicial economy, convenience, and fairness to litigants, "a federal court should hesitate to exercise jurisdiction over state claims[.]"  <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966).  In this case, the Court should decline to exercise jurisdiction under any of subsections § 1367(c)(2) – (4).

**A. Plaintiff's Unruh Act claim substantially predominates over her ADA claim.**

The Unruh Act provides that all persons "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  A violation of the Unruh Act requires the plaintiff to establish proof of intentional discrimination, <u>Munson v. Del Taco, Inc.</u>, 208 P.3d 623, 624 (Cal. 2009), *unless* the plaintiff

-10-

establishes that the defendant violated the ADA, which is considered an automatic violation of the Unruh Act.  Cal. Civ. Code § 51(f).  The Unruh Act allows for the recovery of significant monetary penalties in the form of minimum statutory damages of $4,000.00 per each occasion of discrimination, as well as actual damages and injunctive relief.  Cal. Civ. Code § 52(a), (b)(3), (c)(3); § 55.56(a), (f).

By contrast, the only relief available under the ADA is injunctive relief.  See 42 U.S.C. §§12188(b)(2), 12205.   "Damages are not available in private suits under the ADA."   Castillo-Antonio v. Hernandez, No. 19-CV-00672-JCS, 2019 WL 2716289, at *2 (N.D. Cal. June 28, 2019).  Thus, Plaintiff must seek injunctive relief in order to maintain a viable ADA claim because it is the only remedy available.  Johnson v. Overlook at Blue Ravine, LLC, No. 2:10-CV-02387 JAM, 2012 WL 2993890, at *2 (E.D. Cal. July 20, 2012).

"[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."   United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27 (1966).  As noted above, the factual basis for both Plaintiff's ADA claim and Unruh Act claim is identical.  The only difference between the two claims is the monetary damages that are potentially available to Plaintiff under her state law claim, which are unavailable under the ADA.

The monetary damages sought by Plaintiff under the Unruh Act substantially predominate over federal injunctive relief.  See, e.g., Molski v. Hitching Post I Rest., Inc., 2005 WL 3952248, at *7 (C.D. Cal. May 25, 2005) (concluding that the potential $52,000 damages award available under Unruh Act versus the injunctive relief and attorneys' fees available to plaintiff under the ADA was disproportionate enough to substantially predominate over the federal claims); Estrada v. Gold Key Development, Inc., No. CV1803859SJOJEMX, 2019 WL 4238891, at *5 (C.D.

-11-

Cal. May 1, 2019); <u>Vogel v. Winchell's Donut Houses Operating Co., LP</u>, 252 F. Supp. 3d 977, 987 (C.D. Cal. 2017); <u>Schutza v. Walter E. Fielder, Inc.</u>, No. 18-CV-0257-BAS-JMA, 2018 WL 8949784, at *7 (S.D. Cal. Oct. 18, 2018) (noting that "nexus of state-law issues and expansive monetary relief elevates the Unruh Act claim substantially over the ADA claim"); <u>Feezor v. Tesstab Operations Grp., Inc.</u>, 524 F. Supp. 2d 1222, 1225–26 (S.D. Cal. 2007) ("[G]iven the greater comprehensiveness of state law remedies, fairness dictates that the claims are more appropriately adjudicated in state court."); <u>Schutza v. Cuddleback</u>, 262 F. Supp. 3d 1025, 1030 (S.D. Cal. 2017) (finding that monetary damages of $36,000 sought by plaintiff under the Unruh Act substantially predominate over federal injunctive relief); <u>Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.</u>, 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005) (holding that potential statutory damage award of $56,000 under Unruh Act substantially predominated over injunctive relief under the ADA).

Furthermore, in this case, "Plaintiff alleges, on information and belief, that there are other violations and barriers on the side that relate to his disability." (Doc. 1, at ¶ 18).  When considering an identical allegation, the court in <u>Estrada v. Gold Key Development, Inc.</u> determined that it would be "especially appropriate" to decline supplemental jurisdiction, because the Plaintiff's allegation indicated that "Plaintiff may seek more expansive remedies under his state law claim, further suggesting that the state law claim predominates over the federal one."  2019 WL 4238891, at *5.  Accordingly, this Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim pursuant to 28 U.S.C. § 1367(c)(2).

**B. If the ADA claim is dismissed, the Court should not permit the state claim to proceed in federal court.**

It is well established that if a district court dismisses the claim over which it has original jurisdiction, the court may decline to assert supplemental jurisdiction over the state law claim.   <u>See, e.g.</u>, <u>Strojnik v. Four Sisters Inns, Inc.</u>, No.

-12-

219CV02991ODWJEMX, 2019 WL 6700939, at *5 (C.D. Cal. Dec. 9, 2019).  For the reasons stated above, Defendant respectfully submits that Plaintiff has failed to state a cause of action and to adequately plead standing, requiring this Complaint to be dismissed.  Accordingly, if the Court dismisses Plaintiff's ADA claim, it should also decline to exercise supplemental jurisdiction over the Unruh Act claim pursuant to 28 U.S.C. § 1367(c)(3).

**C. Compelling reasons for declining supplemental jurisdiction exist.**

In the interests of comity, this Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  In an effort to curb baseless claims and vexatious litigation, the California legislature implemented numerous measures to reform the Unruh Act and limit its use, including the implementation of heightened pleading standards for disability discrimination lawsuits and additional pleading limitations for high-frequency litigants.  See Whitaker v. Mac, 411 F. Supp. 3d 1108, 1115 (C.D. Cal. 2019); Arroyo v. Two Unoil, LLC, No. CV192769PSGJEMX, 2019 WL 6792804, at *4 (C.D. Cal. Aug. 7, 2019); Schutza v. Walter E. Fielder, Inc., No. 18-CV-0257-BAS-JMA, 2018 WL 8949784, at *6 (S.D. Cal. Oct. 18, 2018).   These heightened requirements relate to any construction-related disability claim, which is defined as "any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard[.]"  Cal. Civ. Code § 55.52(a)(1).  A plaintiff in state court must: "(1) give specific details about the access barrier they encountered, (2) explain the way the access barrier denied them full and equal use or access, [ ](3) give specific dates when the incidents occurred," and (4) verify the complaint.   Walter E. Fielder, Inc., 2018 WL 8949784, at *6 (citing Cal. Civ. Code §§ 425.50(a)(1) – (3); 425.50(b) – (c).

A high frequency litigant encompasses both individual plaintiffs and attorneys who represent high frequency plaintiffs in complaints asserting

-13-

construction-related accessibility violations.  Specifically, a high frequency litigant is defined as follows:

> (1)   A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.
>
> (2)   An attorney who has represented as attorney of record 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation, excluding all of the following actions:
>
> > A. An action in which an early evaluation conference was held pursuant to Section 55.54 of the Civil Code.
> >
> > B. An action in which judgment was entered in favor of the plaintiff.
> >
> > C. An action in which the construction-related accessibility violations alleged in the complaint were remedied in whole or in part, or a favorable result was achieved, after the plaintiff filed a complaint or provided a demand letter, as defined in Section 55.3 of the Civil Code.

Cal. Civ. Code § 425.55.

High frequency litigants must plead: "(1) that they are high-frequency litigants, (2) the number of complaints they have filed in the last twelve months, (3) their reasons for being in the geographic area at the time they encountered any barriers, and (4) the specific purpose they had in visiting the defendant's business." Walter E. Fielder, Inc., 2018 WL 8949784, at *6 (citing Cal. Civ. Code § 425.50(a)(4)(A)(i) – (iv)).  High frequency litigants are also required to pay an additional filing fee.

-14-

Plaintiff would qualify as a high-frequency litigant under California state law.  Excluding the instant complaint, Plaintiff has filed fifteen (15) construction-related accessibility claims in the Central District of California.  A true and correct list of the complaints filed by Plaintiff are attached as **Exhibit A** to the accompanying Declaration of Mark S. Shipow.  This does not include the state court construction-related accessibility claims which Plaintiff may have also filed in the preceding twelve (12) months.

No such heightened pleading standards or additional filing fees exist in federal court.  Thus, by filing in federal court instead of in state court, a plaintiff can entirely circumvent California's heightened pleading standards.  Since the California legislature imposed these heightened requirements on construction-related disability claims and against high-frequency plaintiffs, in particular, the Central District of California has experienced a shocking increase in the filing of these cases.  One court noted:

> According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, constituting 3 percent of the civil actions filed. Filings of ADA cases increased from 928 (7 percent of civil cases) in 2014, the year before the imposition of the extra $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10 percent of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District have increased each year since California enacted the limitations on high-frequency litigants, reaching 1,670 (12 percent of civil cases) in 2017, 2,720 (18 percent of civil cases) in 2018, and 1,868 cases (24 percent of civil cases) in the first six months of 2019.

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. By filing in federal court, Plaintiff has evaded these limits and sought a forum in which he can claim these state law damages in a manner inconsistent with the state law's requirements. This situation, and the burden the ever-increasing number of such cases poses to the federal courts, present "exceptional circumstances" and "compelling reasons" that justify exercising the Court's discretion to decline supplemental jurisdiction over plaintiff's Unruh Act claim in this action under 28 U.S.C. § 1367(c)(4).

Arroyo v. Two Unoil, LLC, No. CV192769PSGJEMX, 2019 WL 6792804, at *5 (C.D. Cal. Aug. 7, 2019); see also Whitaker v. Mac, 411 F. Supp. 3d 1108, 1116 – 18 (noting same).

Clearly, federal court has become an end-runaround California's heightened pleading requirements, a situation which has only worsened over time.  California has a strong interest in protecting its citizens and businesses from abusive litigation and also in preventing its own laws from being misused for unjust purposes.  See Cal. Civ. Code § 425.55(2).  "California's elected representatives … have enacted laws restricting construction-related accessibility claims, and, as a result, dictated that these claims be treated differently than other actions. That the astronomical growth in the filing of these cases in federal court has coincided with California's limitations on construction-related accessibility claims suggests that it is precisely because the federal courts have not adopted California's limitations on such claims that federal courts have become the preferred forum for them." Mac, 411 F. Supp. 3d at 1117.  Plaintiff should not be permitted to entirely circumvent the pleading requirements that she would otherwise have to satisfy.  See Schutza v. Alessio Leasing, Inc., No. 18CV2154-LAB (AGS), 2019 WL 1546950, at *4 (S.D. Cal.

-16-

Apr. 8, 2019) ("[T]his Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants."). Thus, the Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

## V. Conclusion

Plaintiff has failed to allege sufficient facts to establish standing, both with respect to whether she has suffered an injury in fact and whether she has demonstrated a likelihood of future harm. Because Plaintiff lacks standing to bring her claims, the Complaint must be dismissed.

Furthermore, Plaintiff has failed to provide Defendant with fair notice of the allegedly noncompliant architectural barriers. Thus, the Complaint is due to be dismissed.

Finally, the Court should decline to exercise supplemental jurisdiction over the Unruh Act claim. All of the remedies Plaintiff seeks, including injunctive relief, are available to her in state court. If Plaintiff seeks to take advantage of the remedies available under the Unruh Act, such as minimum statutory damages, she should abide by the carefully crafted pleading requirements set out in Cal. Civ. Code 425.50(c).

Dated: February 19, 2020

Mark S. Shipow (SBN 91134)
LAW OFFICES OF MARK S. SHIPOW

By: _____

Mark S. Shipow
Attorneys for Defendant,
Stein Mart, Inc.

-17-

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                            )   ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 6520 Platt Ave., #442, West Hills, CA 91307.

On February 19, 2020, I caused the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) and 12(b)(6)** to be served on the interested parties in this action as follows:

__XX__      (BY E-MAIL)  I caused a true copy of such document to be sent by e-mail to the counsel listed below, at their email addresses as provided in this litigation:

            Phyl Grace, Esq.
            Elliott Montgomery, Esq.
            Potter Handy, LLP
            8033 Linda Vista Rd, Suite 200
            San Diego, CA 92111


__XX__      (FEDERAL)  I declare that I am a member of the Bar of this Court and personally caused service to be made.

Executed on February 19, 2020, at West Hills, California.

_____
Mark S. Shipow

-18-